IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 11, 2005 Session

## LINDA WAGNER v. MARK FIRESTONE

**Appeal from the Circuit Court for Knox County**
**No. 80469     Bill Swann, Judge**

**Filed June 29, 2005**

**No. E2004-01812-COA-R3-CV**

In this action involving child support, the issues are whether the trial court erred in finding that the father provided adequate discovery information regarding his income and assets; whether the trial court erred in ordering the mother to pay half the cost of the father's airfare to attend his deposition in Tennessee; whether the court should have awarded the mother more attorney's fees than it did; and whether the trial court erred in failing to hold the father responsible for a hospital bill for medical treatment of the parties' child. Finding no error, we affirm the judgment of the trial court and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed;**
**Case Remanded**

SHARON G. LEE, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, J., and WILLIAM H. INMAN, SR.J., joined.

Linda Wagner, Knoxville, Tennessee, *pro se,* Appellant.

T. Kenan Smith and E. Michael Brezina, III, Knoxville, Tennessee, for Appellee, Mark Firestone.

**OPINION**

*I. Factual & Procedural Background*

On October 6, 1998, Linda Wagner ("Mother") initiated this action by filing a petition for modification of a previously-entered child support decree and for a finding of contempt against Mark Firestone ("Father") for failure to pay child support. The parties, who were never married, are the parents of one child, Michael Allan Firestone, who was born on January 24, 1983. Pursuant to an agreed order filed in Claiborne County Juvenile Court on June 11, 1996, Father was obligated to pay child support to Mother in the amount of $1,000 per month.

On July 30, 1999, Knox County Circuit Court Referee Wayne K. Houser entered an order reducing Father's child support obligation from $1,000 to $850 per month. The referee further held as follows:

> That the [Father] is indebted to the [Mother] in the amount of $2,647.56 as reimbursement for health insurance premiums incurred by the mother for the minor Michael Allen Firestone.
>
> That the [Father] is indebted to and owes the [Mother] in the amount of $4,000.00 for past-due child support.
>
> That the [Father] is indebted to the [Mother] for medical bills incurred by the [Mother] on behalf of the minor child, Michael Allen Firestone, in the amount of $1,903.85.
>
> The Court specifically finds that the [Father] has no obligation to the [Mother] for the hospital bill with a balance of $3,458.61 dated May 24, 1996.
>
> [Father] is credited with a payment of $448.59 toward minor child's anticipated future dental bill for a crown.
>
> [Father] is credited with a payment of $444.00 toward father's July 1999 child support payment. Mother is credited with her reimbursement to father for $444.00 as reimbursement for one-half (½) of said aforementioned airline ticket.

On August 5, 1999, Mother, dissatisfied with the referee's decision, filed a request for hearing by a Knox County Circuit Court judge. After Mother filed a motion to compel discovery and a motion "to show cause why [Father] should not be held in contempt for noncompliance with discovery order," the trial judge appointed a special master to oversee the discovery process, pursuant to Tenn. R. Civ. P. 53, on May 30, 2001.

On May 17, 2004, the special master submitted his final report, stating in relevant part that "there appear to be no specific disputes [remaining] with regard to discovery issues." A hearing was held before the trial court on May 19, 2004. The trial court filed its judgment on June 29, 2004, ordering Father to pay Mother $2,883, the amount of child support it held Father had underpaid, and ordering Father to pay the special master's fee of $900. The court allowed Mother's then-counsel, her fourth attorney of record, to submit an affidavit of her attorney's fees. However, the trial court ruled that Father was not responsible for attorney's fees charged by Mother's three prior attorneys, each of whom had previously withdrawn from representation of Mother.

The trial court further held as follows in relevant part:

> That the opinion of the Referee as to the sharing of the cost of the plane ticket of the [Father] in the amount of $888.00 is affirmed, holding each party responsible for [$444] as their share of the cost of the airplane ticket for the [Father].
>
> That the opinion of the Referee as to the payment of a hospital bill incurred in May 1996 for the minor son, Michael Allen Firestone, in the approximate amount of $3,500.00 is affirmed, and that the [Father] is not responsible for said hospital bill.

The trial court subsequently ordered Father to pay $1000 of Mother's attorney's fees.

## II. Issues Presented

Mother appeals, raising the following issues which we restate:

1. Whether the trial court erred in holding that Father had provided adequate discovery information regarding his income and assets.

2. Whether the trial court erred in failing to require Father to pay more than $1000 in Mother's attorney's fees.

3. Whether the trial court erred in ordering Mother to pay for half the price of the father's airfare to attend his deposition in Tennessee.

4. Whether the trial court erred in failing to hold Father responsible for a hospital bill incurred in May 1996 for medical treatment of the parties' child.

## III. Discovery

Mother has consistently taken the position over the six and a half year course of this litigation that Father has not complied with the discovery orders of the court, and has not been forthcoming in disclosing all the sources of his income. Father, in addition to filing an affidavit of income and expenses on February 25, 1999, also filed two additional "updated" affidavits of his income and expenses on June 23, 1999 and May 30, 2001. Among other things, Father also provided and filed his federal income tax returns for the years 1997 through 2001.

The final report of the special master states as follows in relevant part regarding discovery:

-3-

[O]n December 5, 2003, the undersigned communicated with both Attorneys Wayne Wykoff (counsel on behalf of plaintiff) and Kenan

Smith (counsel on behalf of defendant) and confirmed that there appeared to be no specific outstanding discovery issues;

\* \* \*

Based upon all of the above, the undersigned believes and therefore submits to the Court, to counsel, and to the plaintiff, that there appear to be no specific disputes with regard to discovery issues[.]

The trial court adopted and concurred in the special master's findings and conclusions. As this court noted in *Manis v. Manis,* 49 S.W.3d 295 (Tenn. Ct. App. 2001):

The Trial Court's order referring certain matters to the Special Master,

the Special Master's Report, and the Trial Court's Order adopting the findings and conclusions of the Special Master affect our standard of review on appeal. A concurrent finding of a Special Master and a Trial Court is conclusive on appeal, except where it is upon an issue not proper to be referred, where it is based on an error of law or a mixed question of fact and law, or where it is not supported by any material evidence. *Long v. Long,* 957 S.W.2d 825, 828 (Tenn.Ct.App.1997); *Aussenberg v. Kramer,* 944 S.W.2d 367, 370 (Tenn.Ct.App.1996); *Archer v. Archer,* 907 S.W.2d 412, 415 (Tenn.Ct.App.1995).

*Manis,* 49 S.W.3d at 301. If there is any material evidence to support the implicit concurrent finding that Father complied with his duty to fully provide the pertinent financial information in the course of the discovery process, we must affirm the trial court's ruling. *Archer v. Archer,* 907 S.W.2d 412, 415 (Tenn.Ct.App.1995).

Mother cites and relies upon the case of *Kirchner v. Pritchett*, No. 01-A-01-9503-JV-00092, 1995 WL 714279, 1995 Tenn. App. LEXIS 789 (Tenn. Ct. App. M.S., filed Dec. 6, 1995), in support of her argument. In *Kirchner,* however, the obligor had not filed a federal income tax return for at least a decade prior to the litigation and "kept no records of his income or business expenses." 1995 WL 714279 at \*2. The *Kirchner* court found in that case that "[t]he record contains virtually no proof concerning [the obligor's] income and expenses between 1983 and 1994." *Id.* at \*1. The record in this case is not similarly lacking; as previously noted, we have Father's income tax returns, affidavits of income and expenses, and information regarding distributions from certain trusts of which Father is the beneficiary.

We note that as regards the referee's decision to reduce Father's child support obligation from $1000 per month to $850 per month and the trial court's subsequent affirmance of that decision, there is no evidence in the record suggesting that the trial court misapplied the child support guidelines or otherwise erred, and Mother does not so argue in her brief. We find there is material evidence supporting the concurrent findings of the special master and the trial court regarding pretrial discovery in this case, and we affirm the trial court on this issue.

## IV. Attorney's Fees

As previously stated, Mother argues that the trial court erred in failing to award her attorney fees charged by her first three attorneys in this action. Rule 18 of the Rules of Court for the Knox County Circuit Court, Division Four, Sixth Judicial Circuit provides that "[a]ll applications for attorney fees, other than *pendente lite,* shall be supported by a sworn statement setting forth in detail the basis for the fee sought." The trial court, citing and applying this local rule, stated as follows:

> Touching upon attorney fees, the Court earlier indicated that today was the moment of truth to present any claim for the same and of course that must be done pursuant to local rules. No attorney has presented such a claim pursuant to the local rules and we bar all attorneys from such a claim save Ms. Long [Mother's fourth counsel].

The decision whether to award attorney's fees is within the sound discretion of the trial court and will not be disturbed upon appeal unless the evidence preponderates against such a decision. *Kincaid v. Kincaid*, 912 S.W. 2d 140, 144 (Tenn. Ct. App. 1995). We find that the trial court's decision regarding attorney's fees is appropriate and the evidence does not preponderate against its judgment and the application of its local rule.

## V. Airfare to Attend Deposition

The referee found that the parties should split the cost of an airline ticket Father purchased in order to travel from his home in Pennsylvania to Tennessee for his deposition. The trial court agreed and affirmed the referee's decision in this regard. The record contains very little by way of factual background regarding this issue. Mother's entire argument in her brief on this point consists of the following:

> Airfare. Yes the Appellant opposes this issue as well. The Appellee could have *walked/hitchhiked* to attend the deposition. The Appellant should not be made responsible for the Appellee's expensive choice of travel.

-5-

[Italics in original; original in bold font and all caps].

Subsequent to the deposition, Father filed a motion to compel Mother to pay for the cost of the airline ticket, arguing that it was unnecessary but that Mother insisted on Father appearing in person, and that "no new information was obtained at the taking of the deposition than had not already been provided to [Mother] or could be obtained through interrogatories, requests for production or a telephone deposition and that the trip was unnecessary and was nothing short of harassment toward the defendant."

The record does not contain a transcript of the deposition, nor does it contain a transcript of the hearing at which the parties argued the motion before the referee. The available record provides us with very limited information to review on this issue. It is well-settled that decisions regarding pretrial discovery matters rest within the sound discretion of the trial court. *Benton v. Snyder*, 825 S.W.2d 409, 416 (Tenn. 1992). "The decision of the trial court in discovery matters will not be reversed on appeal unless a clear abuse of discretion is demonstrated." *Id.*; *accord Doe 1 v. Roman Catholic Diocese of Nashville*, 154 S.W.3d 22, 42 (Tenn. 2005); *Johnson v. Nissan North America, Inc.,* 146 S.W.3d 600, 604 (Tenn. Ct. App. 2004). Under the facts of this case and the record before us, we do not find the trial court abused its discretion in ordering the parties to each pay $444 for the airfare.

### *VI. Hospital Bill*

On May 24, 1996, the parties' child underwent surgery, which resulted in a hospital bill in the amount of $3,458.61. Mother argues that the trial court should have held Father responsible for the payment of this bill. Mother asserts that Father neglected his duty to provide health insurance coverage for the child, which resulted in her incurring potential responsibility for the expense of the surgery.

The agreed order between the parties entered on June 11, 1996, by the Claiborne County Juvenile Court provides as follows in relevant part:

> Aside from the obligations herein stated, Mark Firestone and Linda Wagner are hereby exculpated, exonerated, and released from any and all actions which took place between them from the beginning of the word to date [sic].

Both the trial court and the referee held that the above provision served to release Father from liability for the hospital bill, which was incurred prior to the execution of the agreed order. The trial

court ruled "that is magnificent res judicata language and so the Court cannot explore the question of the hospital bill. . ."

We agree with the trial court that Father was entitled to rely on the terms of the agreed order, which released him from "any and all actions" taking place between the parties prior to the entry of the agreed order. The language, if somewhat unusual, is quite broadly written. We further note that an assertion in Mother's brief, provided as follows, suggests the possibility that this issue is moot:

> I, the Appellant, went directly to the A/P and PR representatives of the ETCH [East Tennessee Children's Hospital]. I pleaded Michael's tainted case to them and as a result an order of satisfaction was filed in the Circuit Court relieving only the Appellant of any responsibility to this bill.

[Original in bold and all caps]. The referenced order is not in the appellate record, but if the above statement is correct, then Mother lacks standing to argue that Father should be held liable to the hospital for the bill. In any event, we find no error in the trial court's decision holding that Father is not responsible for the $3,458.61 hospital bill incurred prior to entry of the agreed order.

For the aforementioned reasons, the judgment of the trial court is affirmed. Costs on appeal are assessed to the Appellant, Linda Wagner.

_____
SHARON G. LEE, JUDGE